UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| JOAQUIN VELETA, | ) | 1:07-CV-0578 AWI JMD (HC) |
| | ) | |
| Petitioner, | ) | ORDER ADOPTING FINDINGS AND |
| | ) | RECOMMENDATION |
| | ) | [Doc. #18] |
| | ) | |
| v. | ) | ORDER DENYING PETITION FOR WRIT |
| | ) | OF HABEAS CORPUS |
| | ) | |
| | ) | ORDER DIRECTING CLERK OF COURT |
| TOM FELKER, | ) | TO ENTER JUDGMENT |
| | ) | |
| Respondent. | ) | ORDER DECLINING TO ISSUE |
| | ) | CERTIFICATE OF APPEALABILITY |

Petitioner is a state prisoner proceeding pro se with a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254.

On September 30, 2008, the Magistrate Judge issued a Findings and Recommendation that recommended the petition be DENIED with prejudice. The Magistrate Judge further recommended that the Clerk of Court be DIRECTED to enter judgment. The Findings and Recommendation was served on all parties and contained notice that any objections were to be filed within thirty (30) days of the date of service of the order.

On November 6, 2008, Petitioner filed objections to the Findings and Recommendation. In accordance with the provisions of 28 U.S.C. § 636(b)(1)(C), this Court has conducted a *de novo* review of the case. Having carefully reviewed the entire file and having considered the objections,

the Court concludes that the Magistrate Judge's Findings and Recommendation is supported by the record and proper analysis. In addition to the Findings and Recommendation's analysis, the court makes the following observations concerning some of Petitioner's objections.

In the objections, Petitioner focuses on the evidence used to convict him and argues that it was insufficient. To determine whether a conviction violates the constitution because of insufficient evidence, a federal court on writ of habeas corpus review must determine if "viewing the evidence in the light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt." Jackson v. Virginia, 443 U.S. 307, 319, 320-21 (1979); United States v. Milwitt, 475 F.3d 1150, 1154 (9th Cir. 2007); Jones v. Wood, 114 F.3d 1002, 1008 (9th Cir. 1997); Payne v. Borg, 982 F.2d 335, 338 (9th Cir. 1993), *en banc*. This standard of review is a highly deferential one. Milwitt, 475 F.3d 1150, 1162 (9th Cir. 2007); United States v. Henson, 123 F.3d 1226, 1236 (9th Cir. 1997). Petitioner's arguments concerning the evidence is only his disagreement with how the jury choose to see the evidence. The Court "must respect the province of the jury to determine the credibility of witnesses, resolve evidentiary conflicts, and draw reasonable inferences from proven facts by assuming that the jury resolved all conflicts in a manner that supports the verdict." Walters v. Maass, 45 F.3d 1355, 1358 (9th Cir.1995).

The objection's assertions concerning Petitioner's ineffective assistance of counsel claim based on counsel's failure to adequately cross examine the victim also do not convince the court habeas corpus relief is available. A Petitioner must demonstrate that "there is a reasonable probability that, but for counsel's unprofessional errors, the result . . . would have been different." Strickland v. Washington, 466 U.S. 668, 694 (1984). The Court agrees that Petitioner has failed to show prejudice because the record does not disclose such large inconsistencies in the victim's testimony that, if used by counsel, were reasonably likely to affect the outcome of the trial.

Finally, nothing in the objection's convinces the Court that Petitioner's constitutional rights were violated because he was not allowed to completely "dress-out" for trial. "Although the State cannot, consistent with the Fourteenth Amendment, compel an accused to stand trial before a jury while dressed in identifiable prison clothes, the failure to make an objection to the court as to being tried in such clothes negates the presence of the compulsion necessary to establish a constitutional

violation." <u>Estelle v. Williams</u>, 425 U.S. 501, 501 (1976); <u>Jackson v. Brown</u>, 513 F.3d 1057, 1081 (9th Cir. 2008).  While Petitioner was only allowed to wear a T-shirt, nothing in the record here warrants a conclusion that Petitioner was compelled to stand trial in obvious jail garb or that there was sufficient reason to excuse the failure to raise the issue before trial.

A state prisoner seeking a writ of habeas corpus has no absolute entitlement to appeal a district court's denial of his petition, and an appeal is only allowed in certain circumstances. <u>Miller-El v. Cockrell</u>, 123 S.Ct. 1029, 1039 (2003).  The controlling statute in determining whether to issue a certificate of appealability is 28 U.S.C. § 2253, which provides as follows:

> (a) In a habeas corpus proceeding or a proceeding under section 2255 before a district judge, the final order shall be subject to review, on appeal, by the court of appeals for the circuit in which the proceeding is held.
>
> (b) There shall be no right of appeal from a final order in a proceeding to test the validity of a warrant to remove to another district or place for commitment or trial a person charged with a criminal offense against the United States, or to test the validity of such person's detention pending removal proceedings.
>
> (c)(1) Unless a circuit justice or judge issues a certificate of appealability, an appeal may not be taken to the court of appeals from--
>
> (A) the final order in a habeas corpus proceeding in which the detention complained of arises out of process issued by a State court; or
>
> (B) the final order in a proceeding under section 2255.
>
> (2) A certificate of appealability may issue under paragraph (1) only if the applicant has made a substantial showing of the denial of a constitutional right.
>
> (3) The certificate of appealability under paragraph (1) shall indicate which specific issue or issues satisfy the showing required by paragraph (2).

If a court denies a petitioner's petition, the court may only issue a certificate of appealability "if jurists of reason could disagree with the district court's resolution of his constitutional claims or that jurists could conclude the issues presented are adequate to deserve encouragement to proceed further." <u>Miller-El</u>, 123 S.Ct. at 1034; <u>Slack v. McDaniel</u>, 529 U.S. 473, 484 (2000).  While the petitioner is not required to prove the merits of his case, he must demonstrate "something more than the absence of frivolity or the existence of mere good faith on his . . . part." <u>Miller-El</u>, 123 S.Ct. at 1040.

1   In the present case, the Court finds that reasonable jurists would not find the Court's
2  determination that Petitioner is not entitled to federal habeas corpus relief debatable, wrong, or
3  deserving of encouragement to proceed further. Petitioner has not made the required substantial
4  showing of the denial of a constitutional right. Accordingly, the Court hereby DECLINES to issue a
5  certificate of appealability.

6   Accordingly, IT IS HEREBY ORDERED that:

7   1. The Findings and Recommendation issued September 30, 2008, is ADOPTED IN FULL;

8   2. The Petition for Writ of Habeas Corpus is DENIED with prejudice;

9   3. The Clerk of Court is DIRECTED to enter judgment; and

10  4. The Court DECLINES to issue a certificate of appealability.

11

12

13  IT IS SO ORDERED.

14  **Dated:   December 15, 2008**                    /s/ Anthony W. Ishii
15                                                    CHIEF UNITED STATES DISTRICT JUDGE